IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 97-40786
Summary Calendar

---

DOUGLAS EDWARD ALLEN,

Plaintiff-Appellant,

versus

B.C. CHANEY, Assistant Warden, Joe F. Gurney Unit, ET AL.,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CV-758

---

February 3, 1999

Before JOHNSON, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Douglas Edward Allen, Texas prisoner # 728150, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Brenda Chaney, in her capacity as the Assistant Warden at the Joe F. Gurney Unit; Michael Ford, in his capacity as Correctional Officer; William Matthew, in his capacity as Sergeant; and Nolan Pittock, in his capacity as Captain. He argued that the defendants were deliberately indifferent to his serious medical needs when he was assigned to a prison job that did not conform to his medical classification. Allen also contended that he was subjected to false disciplinary proceedings. In his complaint, Allen

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

requested that the matter be tried by a jury.

The magistrate judge issued an order scheduling an evidentiary hearing pursuant to Flowers v. Phelps, 956 F.2d 488 (5th Cir.), modified on other grounds, 964 F.2d 400 (5th Cir. 1992). Based on the evidence presented at the hearing, the magistrate judge recommended that Allen's case be dismissed. The district court adopted the magistrate judge's recommendation and dismissed the complaint with prejudice.

Allen did not waive his jury demand by participating in the Flowers hearing without objection. See McAfee v. Martin, 63 F.3d 436, 437-38 (5th Cir. 1995). In McAfee, the court stated that "because the right to a jury trial is a fundamental right . . . courts should indulge every reasonable presumption against waiver. A waiver should not be found in a doubtful situation. " Id. at 437 (internal quotations and citations omitted). Accordingly, the judgement of the district court is VACATED, and the case is REMANDED to the district court for additional proceedings.

VACATE and REMAND.